NO. 07-03-0408-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

JANUARY 11, 2006
_____

MILES E. and IRENE BALDWIN,

Appellants

v.

ROBERT E. GARNER, individually, and TEMPLETON & GARNER,

Appellees
_____

FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;

NO. 75,051-E; HON. VANN CULP, PRESIDING
_____

***Memorandum Opinion***
_____

Before QUINN, C.J., REAVIS, J. and BOYD, S.J.[1]

Because I conclude the trial court erred in holding that the July 1, 1982 fee agreement was revocable in whole or in part, I respectfully dissent to that determination.

In Archer v. Griffith, 390 S.W.2d 735, 739 (Tex. 1964) (citing Story, Equity Jurisprudence, 7th ed. 1857, s 311), after noting the relationship between an attorney and

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. TEX. GOV'T CODE ANN. § 75.002(a)(1) (Vernon Supp. 2005).

client is highly fiduciary and that their dealings are subject to scrutiny as a transaction between a trustee and beneficiary, the Court held as follows:

> [t]he burden of establishing its perfect fairness, adequacy, and equity, is thrown upon the attorney, upon the general rule, that he who bargains in a matter of advantage with a person, placing a confidence in him, is bound to show that a reasonable use has been made of that confidence; a rule applying equally to all persons standing in confidential relations with each other.

Later, in Levine v. Bayne, Snell & Krause, Ltd., 40 S.W.3d 92, 95-96 (Tex. 2001), the Court adopted the Restatement (Third) of the Law Governing Lawyers § 18, and held that because a lawyer is more familiar with the intricacies of legal representation and with the law and drafting of fee agreements, the burden falls on the lawyer to express the terms of the payment of the fee.

According to the agreement printed on the law firm letterhead, Baldwin sought Garner's services to represent him in Texas to assist in retaking unidentified property and to "potentially" (1) file a suit to set aside a foreclosure and (2) sue Baldwin's former attorney for neglect and the maker of various notes. The July 1, 1982 fee agreement did not address a refund of the $20,000 payment or any part thereof if Garner withdrew from representing Baldwin. However, the agreement did provide that if Baldwin desired to terminate Garner's services at any time, counsel would return the $20,000 less amounts advanced for payment of costs, expenses, and fees earned at $125 per hour, upon request. Because the agreement did not provide the request for a refund could not be implied, and was silent as to an accounting for repayment if Garner withdrew from representation,

2

applying the principles announced in *Archer* and *Levine,* I conclude the trial court erred in construing that the $20,000 payment was not refundable, in whole or in part.


Don H. Reavis
Justice